# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Todd Pancake, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary on behalf of INDIANA CARPENTERS PENSION FUND, | ) ) ) ) |
| Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; | ) ) ) ) ) ) |
| Todd Pancake, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; | ) ) ) ) ) |
| | ) CASE NO. 1:20-cv-1277 |
| Todd Pancake, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; | ) ) ) ) ) |
| Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; | ) ) ) ) ) |
| and, | ) |
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) |
| NEIDIGH CONSTRUCTION CORPORATION, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs **Todd Pancake, Board of Trustees Chairman and Doug Curts, Board of Trustees Secretary on behalf of INDIANA CARPENTERS PENSION FUND; Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Todd Pancake, Board of Trustees Co-Chairman and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Todd Pancake, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.** and **JOHNSON & KROL, LLC**, complain of Defendant **NEIDIGH CONSTRUCTION CORPORATION**, stating as follows:

## COUNT I

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Todd Pancake, Board of Trustees Chairman and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND; Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf**

2

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Todd Pancake, Board of Trustees Co-Chairman and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Todd Pancake, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND;** and **Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA,** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **NEIDIGH CONSTRUCTION CORPORATION** ("Neidigh Construction") to Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant Neidigh Construction to submit to a payroll audit for the period of January 1, 2016 through March 23, 2020. Plaintiffs Trust Funds seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action. Additionally, Plaintiffs Trust Funds also seek to compel Neidigh Construction to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages and interest,

  **2.**  Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of UBCATF.

  **3.**  At all times materials herein, Defendant Neidigh Construction has employed employees within this judicial district.

**4.** At all times material herein, Defendant Neidigh Construction has been a signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

**5.** The Union's collective bargaining agreement and the Trust Agreements by which Neidigh Construction has agreed to be bound provide, <u>inter</u> <u>alia</u>, that field audits of an employer's payroll and related records may be made by the Trust Funds so as to insure that the appropriate employer contributions are made to the Funds, that liquidated damages and interest fees are charged to any contribution which is not paid in a timely fashion and that the Funds' costs (attorneys' fees, etc.) incurred in enforcing the audit requirement and/or in collecting delinquent contributions, interest and liquidated damages are paid by the contractor refusing to make such payment and/or permit the audit.

**6.** Despite Plaintiffs Trust Funds' requests, Neidigh Construction has failed to permit Plaintiffs Trust Funds' designated field auditor to review Neidigh Construction' payroll books and related records.

WHEREFORE, Plaintiffs Trust Funds pray that this Court order that:

**1.** Defendant Neidigh Construction make available to the Plaintiffs Trust Funds' auditors the following records for the period of January 1, 2016 through March 23, 2020: (a) Master list of all employees, regardless of craft or occupation, showing employees' social security number, an craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and double time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's

(Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status; (g) job site list, showing City and State; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of contributions owed to the Plaintiffs Trust Funds by Neidigh Construction.

    **2.**    Within a reasonable time after completion of the inspection of all payroll books and records of Defendant Neidigh Construction, Plaintiffs Trust Funds shall file with the Court, and serve upon Defendant Neidigh Construction, an itemized statement of all delinquent contributions, interest, liquidated damages, late fees and audit costs Plaintiffs claim Neidigh Construction owes them. Absent objection, within fifteen (15) business days of service upon Neidigh Construction, the Court shall enter final judgment in favor of the Plaintiffs Trust Funds and against Neidigh Construction in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

    **3.**    Defendant Neidigh Construction pays statutory post-judgment interest on all delinquent contributions found due, herein;

    **4.**    Defendant Neidigh Construction pay Plaintiffs Trust Funds' attorneys' fees and costs; and

    **5.**    Such other relief that this Court may find proper be entered against Defendant Neidigh Construction.

## COUNT II

1.      Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2.      At all times material herein, Defendant **NEIDIGH CONSTRUCTION CORPORATION** ("Neidigh Construction") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3.      This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4.      The Union's collective bargaining agreement by which Neidigh Construction has agreed to be bound provides, inter alia, that field audits of an employer's payroll and related records may be made by the Union so as to insure that the appropriate employer deductions and contributions are made to the Union. Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, etc.) incurred in enforcing the payroll audit requirement and/or in collecting delinquent payroll deductions and interest are to be paid by the contractor refusing to make such payment and/or permit the audit.

5.      Defendant Neidigh Construction is in breach of its contractual obligations to the Union by failing to permit an audit of its payroll books and records so that it can be determined whether Defendant Neidigh Construction has made the proper payments and done so on a timely basis for the period of January 1, 2016 through March 23, 2020.

WHEREFORE, Plaintiff Union prays this Court order that:

1.      Defendant Neidigh Construction make available to the Plaintiff Union's auditors the following records for the period of January 1, 2016 through March 23, 2020: (a) Master list of all

employees, regardless of craft or occupation, showing employees' social security number, an craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and double time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's (Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status; (g) job site list, showing City and State; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of deductions and contributions owed to the Plaintiff Union by Neidigh Construction.

**2.** Defendant Neidigh Construction pay the delinquent deductions, contributions, interest and liquidated damages, if any, owed for the period of January 1, 2016 through March 23, 2020;

**3.** Defendant Neidigh Construction pay statutory post-judgment interest on all principal deductions and contributions found due by this Order;

**4.** Defendant Neidigh Construction pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

**5.** Such other and further relief that this Court may find just and proper be entered against Defendant Neidigh Construction.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By  /s/ Paul T. Berkowitz
      **PLAINTIFFS' ATTORNEYS**

Respectfully submitted,

**JOHNSON & KROL, LLC**

By  /s/ Joseph E. Mallon
      **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
PAUL T. BERKOWITZ
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49

JOHNSON & KROL, LLC.
JOSEPH E. MALLON
450 E. 96th Street, Suite 500
Indianapolis, Indiana 46240
P: (312) 218-4779
F: (312) 255-0449
E: mallon@johnsonkrol.com
Attorney ID #35947-29